IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| **RAVI P. RAWAT, on behalf of himself and others similarly situated,** | ) ) ) | |
| | ) | Case No. 08-cv-03038 |
| Plaintiff, | ) ) | |
| v. | ) ) | Judge John W. Darrah |
| **NAVISTAR INTERNATIONAL CORPORATION,** | ) ) ) | Magistrate Judge Nan R. Nolan |
| | ) | |
| Defendant. | ) | |

**MOTION TO DISMISS
FOR LACK OF SUBJECT-MATTER JURISDICTION**

Pursuant to Fed. R. Civ. P. 12(b)(1) and for the reasons that will be set forth more fully as necessary in a memorandum of law to be submitted in support of this motion, Defendant Navistar International Corporation ("Navistar") hereby moves to dismiss this action for lack of subject-matter jurisdiction. In support of this motion, Navistar states as follows:

1. The Class Action Fairness Act ("CAFA") was enacted by Congress in 2005 in response to perceived abuses of the class action device. See, e.g., Hart v. FedEx Ground Package Sys., Inc., 457 F.3d 675, 681 (7th Cir. 2006).

2. CAFA provides federal jurisdiction over certain class actions. See 28 U.S.C. §§ 1332(d)(2), 1332(d)(5)(B).

3. Plaintiff Ravi P. Rawat ("Plaintiff") purports to premise jurisdiction over this case under CAFA. See Plaintiff's Complaint at ¶ 2.

4. As the party alleging federal jurisdiction under CAFA, Plaintiff bears the burden of establishing that each of the jurisdictional criteria specified in the statute are satisfied. See, e.g., Brill v. Countrywide Home Loans, Inc., 427 F.3d 446, 447 (7th Cir. 2005).

5. Jurisdiction under CAFA does not exist if "the number of members of all proposed plaintiff classes in the aggregate is less than 100." See 28 U.S.C. § 1332(d)(5)(B); see also, e.g., Brill, 427 F.3d at 447.

6. The class proposed in Plaintiff's Complaint is defined as "All individuals whose vested options expired during Navistar's 'blackout period'." See Plaintiff's Complaint at ¶ 36. Fewer than seventy-five (75) persons, however, would be members of the proposed class if certified. See Declaration of Monica Stark, Ex. A hereto, at ¶ 6.

7. The class proposed by Plaintiff consists of fewer than seventy-five (75) individuals. See Declaration of Monica Stark, Ex. A hereto, at ¶ 6. Therefore, subject-matter jurisdiction is lacking over Plaintiff's Complaint, and the Complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(1).[1] See, e.g., Sprint Spectrum L.P. v. City of Carmel, 361 F.3d 998, 1001 (7th Cir. 2004).

WHEREFORE, Navistar respectfully requests that Plaintiff's Complaint be dismissed for lack of subject-matter jurisdiction. Navistar further requests whatever other relief the Court deems appropriate.

Dated: June 26, 2008                            Respectfully submitted,

                                                /s/Cary R. Perlman
                                                One of the Attorneys for Defendant
                                                Navistar International Corporation

---

[1] Even if Plaintiff were able to meet his burden of establishing each of the elements of CAFA, this case would still be properly dismissed for lack of subject-matter jurisdiction pursuant to one or more of the exceptions to CAFA jurisdiction enumerated in the statute. See 28 U.S.C. §§ 1332(d)(4)(A)-(B). Since Plaintiff cannot meet his initial burden, however, these exceptions need not be addressed at this time. See disc. supra at ¶¶ 6-7.

| | |
|---|---|
| Laurence H. Levine | Cary R. Perlman |
| Maaike S. Almeida | Mark S. Mester |
| LAURENCE H. LEVINE LAW OFFICES | Robin M. Hulshizer |
| 190 South LaSalle Street, Suite 3120 | Robert C. Levels |
| Chicago, Illinois 60603 | LATHAM & WATKINS LLP |
| Phone: (312) 291-7000 | Sears Tower, Suite 5800 |
| Fax: (312) 291-7015 | 233 South Wacker Drive |
| | Chicago, Illinois 60606 |
| | Phone: (312) 876-7700 |
| | Fax: (312) 993-9767 |

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RAVI P. RAWAT, on behalf of himself and others similarly situated, ) ) ) ) Plaintiff, ) ) v. ) ) NAVISTAR INTERNATIONAL ) CORPORATION, ) ) Defendant. ) | Case No. 08-cv-03038  Judge John W. Darrah  Magistrate Judge Nan R. Nolan |

### DECLARATION OF MONICA STARK

Pursuant to 28 U.S.C. § 1746, Monica Stark, hereby declares and states as follows:

1. I have been employed by Navistar for approximately six years.

2. I am currently the Director, Corporate Compensation and Human Resources Policy at Navistar.

3. I have personal knowledge of the facts set forth herein and am competent to testify with respect thereto.

4. In my position at Navistar, I work on executive compensation including stock options.

5. I have records of all individuals whose vested stock options expired during Navistar's trading restriction "blackout period," which began on April 6, 2006.

6. There are fewer than 75 (and certainly far fewer than 100) employees and former employees whose vested stock options have expired from April 6, 2006 to the present date.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on June 26, 2008.

_____
Monica Stark