IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RAVI P. RAWAT, on behalf of himself and others similarly situated, | ) ) ) |
| Plaintiff, | ) Case No. 1:08-cv-03038 ) |
| v. | ) Judge John W. Darrah ) |
| NAVISTAR INTERNATIONAL CORPORATION, | ) Magistrate Judge Nan R. Nolan ) ) |
| Defendant. | ) ) |

**MEMORANDUM IN SUPPORT OF NAVISTAR'S
MOTION TO DISMISS FOR LACK OF SUBJECT-MATTER JURISDICTION**

Defendant Navistar International Corporation ("Navistar" or the "Company") submits the following memorandum of law in support of its motion to dismiss the Complaint filed by Plaintiff Ravi P. Rawat ("Plaintiff" or "Rawat") for lack of subject-matter jurisdiction:

**I.     INTRODUCTION**

As reflected in Plaintiff's Complaint, federal jurisdiction over this case is premised exclusively upon the Class Action Fairness Act ("CAFA"), enacted by Congress in 2005. Jurisdiction exists under CAFA, however, only if the proposed class consists of more than one hundred (100) persons. In this case, the undisputed and indisputable evidence fully confirms that Plaintiff's proposed class numbers far fewer than one hundred (100) persons.

The class proposed by Plaintiff and his counsel consists of "[a]ll individuals whose vested options expired during Navistar's 'blackout period.'" See Plaintiff's Complaint at ¶ 36. As reflected in the declaration of Monica Stark, however, which was submitted with Navistar's motion and is also included as Exhibit A to this memorandum, the vested options of fewer than seventy-five (75) persons expired during the blackout period. See Declaration of Monica Stark ("Stark Decl."), Ex. A hereto, at ¶ 6. In fact, the exact number of individuals whose vested stock

options expired during the blackout period is fifty-six (56).  See Supplemental Declaration of Monica Stark ("Suppl. Stark Decl."), Ex. B hereto, at ¶ 9.  While this fact should have been apparent to Plaintiff's counsel if an adequate pre-filing inquiry had been conducted, the size of Plaintiff's proposed class is not properly in dispute, and there is likewise no dispute that subject-matter jurisdiction is lacking over this case.  Accordingly, this case should be dismissed.

## II.   FACTUAL BACKGROUND

The factual background for this motion is set forth below.  See disc. infra at 2-3.

### A.   Navistar

Navistar is a corporation organized under the laws of the State of Delaware.  See Plaintiff's Complaint at ¶ 6; see also Suppl. Stark Decl., Ex. B hereto, at ¶ 4.  Navistar's principal place of business is located in Warrenville, Illinois.  See Plaintiff's Complaint at ¶ 6; see also Suppl. Stark Decl., Ex. B hereto, at ¶ 5.

In certain circumstances, Navistar grants stock options to high-level executives and senior members of management.  See Suppl. Stark Decl., Ex. B hereto, at ¶ 7.  As a result of not being current with financial filings, however, there were certain limits on the ability of specified individuals to exercise their vested stock options.  See Jan. 15, 2008 Corresp. fr. A. Freund to Holders of Navistar International Corporation Stock Options, Ex. 3 to Plaintiff's Complaint.  During this period when restrictions were in effect, the vested options of fewer than seventy-five (75) individuals expired, with the actual number being fifty-six (56).  See Stark Decl., Ex. A hereto, at ¶ 6; Suppl. Stark Decl., Ex. B hereto, at ¶ 9.

### B.   Plaintiff's Complaint

Plaintiff filed his Complaint on May 23, 2008.  See Plaintiff's Complaint at 1.  Like Navistar, Plaintiff is a citizen of the State of Illinois.  See id. at ¶ 5.  As reflected in the Complaint, however, this Court's subject-matter jurisdiction is premised exclusively upon 28

U.S.C. § 1332(d) (i.e., CAFA).  See id. at ¶ 2 ("This Court has jurisdiction over all claims asserted herein pursuant to 28 U.S.C. §1332(d) . . .").

In the Complaint, Plaintiff and his counsel seek certification of a class of persons pursuant to Fed. R. Civ. P. 23.  See Plaintiff's Complaint at ¶ 35.  The class proposed by Plaintiff is defined in the Complaint as follows:

> All individuals whose vested options expired during Navistar's "blackout period."

Id. at ¶ 36; see also id. at ¶¶ 8-13.  Plaintiff alleges two counts on behalf of the proposed class and seeks money damages as well as injunctive relief.  See id. at ¶¶ 43-53.

### III.     APPLICABLE LEGAL STANDARDS

"[F]ederal courts are courts of limited jurisdiction."  See Owen Equipment & Erection Co. v. Kroger, 437 U.S. 365, 374 (1978); see also Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the action.").  Accordingly, the burden of demonstrating jurisdiction lies with the proponent of federal jurisdiction itself.  See, e.g., Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994); Sprint Spectrum L.P. v. City of Carmel, 361 F.3d 998, 1001 (7th Cir. 2004).  Moreover, the case law that has developed in the wake of CAFA makes clear that the party asserting jurisdiction under CAFA has the burden of demonstrating that each of the prerequisites of the statute are met.  See, e.g., Fiddler v. AT & T Mobility, LLC, No. 08 C 416 (SDY), 2008 WL 2130436, at *1 (N.D. Ill. May 20, 2008); Bullard v. Burlington N. Santa Fe Ry. Co., No. 07 C 6883 (MFK), 2008 WL 2315852, at *1 (N.D. Ill. April 10, 2008).

On a motion brought pursuant to Fed. R. Civ. P. 12(b)(1), "[i]t is settled law that a federal court determining whether it has jurisdiction may look beyond the face of the plaintiff's complaint to resolve factual disputes."  See Rennie v. Garrett, 896 F.2d 1057, 1057-58 (7th Cir.

1990). Thus, the court may "view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists." See Grafon Corp. v. Hausermann, 602 F.2d 781, 783 (7th Cir. 1979); see also, e.g., Capitol Leasing Co. v. FDIC, 999 F.2d 188, 190 (7th Cir. 1993); Beam v. Gonzalez, No. 07 C 1227, 2008 U.S. Dist. LEXIS 17763, at *8 (N.D. Ill. March 7, 2008). Indeed, it is the "first duty of the court" to make certain that federal jurisdiction exists. See Sadat v. Mertes, 615 F.2d 1176, 1188 (7th Cir. 1980) (citing Hart & Wechsler's The Federal Courts and the Federal System 835 (2d ed. 1973)).

**IV.    SUBJECT-MATTER JURISDICTION IS LACKING UNDER CAFA BECAUSE THE PROPOSED CLASS HAS FAR FEWER THAN ONE HUNDRED MEMBERS**

The prerequisites for federal jurisdiction under CAFA are well-established in the statute and the case law. See, e.g., 28 U.S.C. § 1332(d); Hart v. FedEx Ground Package Sys., Inc., 457 F.3d 675, 679 (7th Cir. 2006). As the party seeking to invoke federal jurisdiction, Plaintiff bears the burden of proving that each of the following prerequisites of CAFA are satisfied: (1) any member of the proposed class is a citizen of a state different from any defendant (i.e., minimal diversity exists); (2) the proposed class consists of more than one hundred (100) members; and (3) the amount in controversy exceeds $5 million, aggregating all claims and exclusive of interests and costs. See 28 U.S.C. §§ 1332(d)(2), 1332(d)(5)(B); see also, e.g., Hart, 457 F.3d at 679; Brill v. Countrywide Home Loans, Inc., 427 F.3d 446, 447 (7th Cir. 2005).

This Court lacks subject-matter jurisdiction because the class proposed by Plaintiff consists of far fewer than one hundred (100) members. See 28 U.S.C. § 1332(d)(5)(B); Stark Decl., Ex. A hereto, at ¶ 6. Plaintiff defines the proposed class as "[a]ll individuals whose vested options expired during Navistar's 'blackout period.'" See Plaintiff's Complaint at ¶ 36. The number of individuals whose vested options actually expired during this time period, however, is fifty-six (56) and far fewer than one hundred (100), as established by the declarations of Monica

4

Stark, who is the Director of Corporate Compensation and Human Resources Policy at Navistar. See Stark Decl., Ex. A hereto, at ¶¶ 2, 6; Suppl. Stark Decl., Ex. B hereto, at ¶¶ 2, 9.

Because the class proposed by Plaintiff and his counsel numbers far fewer than one hundred (100) individuals, the jurisdictional prerequisites of CAFA have not been and cannot be satisfied. See, e.g., Bullard, 2008 WL 2315852, at *2 (holding that the proponent of jurisdiction has the burden to prove there are one hundred (100) or more class members). Therefore, this case should be dismissed for lack of subject-matter jurisdiction. See, e.g., Sprint Spectrum L.P., 361 F.3d at 1001.

It is worth noting, however, the gross disparity between the Complaint and reality. See, e.g., Retired Chicago Police Ass'n v. Fireman's Annuity and Benefit Fund of Chicago, 145 F.3d 929, 934 (7th Cir. 1998) (Kanne, J.); 5 Herbert Newberg & Alba Conte, Newberg on Class Actions § 15:2, at 8-11 (4th ed. 2002). Counsel's error is clear when one tries to reconcile the fact that the Complaint speciously alleges that the number of putative class members to be "in the thousands" (see Plaintiff's Complaint at ¶ 37), even though Mr. Rawat is undoubtedly aware that stock options are awarded by Navistar only to high-level executives and senior members of management, a group that scarcely numbers "in the thousands." See id.; Suppl. Stark Decl., Ex. B hereto, at ¶ 7. Indeed, Plaintiff's counsel apparently failed to even read the documents attached to Plaintiff's own Complaint, which unequivocally signal that the proposed class does not number "in the thousands." See Navistar's 2004 Performance Incentive Plan, Ex. 1 to Plaintiff's Complaint, at 2. For example, Navistar's 2004 Performance Incentive Plan Prospectus describes who is eligible to receive stock options:

> Management will, from time to time, select and recommend to the Committee employees of the Company and its subsidiaries who are to become participants in the 2004 Plan. Such individuals will be selected from those who, in the opinion

5

of management, have substantial responsibility in a managerial or professional capacity.

Navistar's 2004 Performance Incentive Plan, Ex. 1 to Plaintiff's Complaint, at 2 (emphasis supplied).

For Plaintiff's counsel to allege in the Complaint that the proposed class numbers "in the thousands" given such language is telling.  Compare Navistar's 2004 Performance Incentive Plan, Ex. 1 to Plaintiff's Complaint, at 2, with Plaintiff's Complaint at ¶ 37.  In fact, it reflects a lack of a pre-filing inquiry and the filing of suit in the hope of taking discovery to see if a claim can somehow be found.  See, e.g., Retired Chicago Police Ass'n, 145 F.3d at passim.  Discovery, however, is no substitute for complying with Rule 11 obligations, and this suit should be subject to summary dismissal.  See id.; 28 U.S.C. § 1332(d)(5)(B); Hart, 457 F.3d at 679.

## V.    CONCLUSION

For the reasons stated above, Navistar respectfully request that this action be dismissed, pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject-matter jurisdiction.  Navistar further requests whatever other relief the Court deems appropriate.

Dated:  July 9, 2008

Respectfully submitted,

/s/Mark S. Mester
One of the Attorneys for Defendant
Navistar International Corporation

Laurence H. Levine
Maaike S. Almeida
LAURENCE H. LEVINE LAW OFFICES
190 South LaSalle Street, Suite 3120
Chicago, Illinois 60603
Phone: (312) 291-7000
Fax: (312) 291-7015

Cary R. Perlman
Mark S. Mester
Robin M. Hulshizer
Robert C. Levels
LATHAM & WATKINS LLP
Sears Tower, Suite 5800
233 South Wacker Drive
Chicago, Illinois 60606
Phone: (312) 876-7700
Fax: (312) 993-9767

## INDEX OF EXHIBITS

**Exhibit A:** **Declaration of Monica Stark**

**Exhibit B:** **Supplemental Declaration of Monica Stark**

# Exhibit A

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| RAVI P. RAWAT, on behalf of himself and others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | Case No. 08-cv-03038 |
| v. | ) ) | |
| NAVISTAR INTERNATIONAL CORPORATION, | ) ) ) | Judge John W. Darrah |
| | ) ) | Magistrate Judge Nan R. Nolan |
| Defendant. | ) | |

### DECLARATION OF MONICA STARK

Pursuant to 28 U.S.C. § 1746, Monica Stark, hereby declares and states as follows:

1. I have been employed by Navistar for approximately six years.

2. I am currently the Director, Corporate Compensation and Human Resources Policy at Navistar.

3. I have personal knowledge of the facts set forth herein and am competent to testify with respect thereto.

4. In my position at Navistar, I work on executive compensation including stock options.

5. I have records of all individuals whose vested stock options expired during Navistar's trading restriction "blackout period," which began on April 6, 2006.

6. There are fewer than 75 (and certainly far fewer than 100) employees and former employees whose vested stock options have expired from April 6, 2006 to the present date.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on June 26, 2008.              *Monica L. Stark*
                                         Monica Stark

# Exhibit B

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RAVI P. RAWAT, on behalf of himself and others similarly situated, ) ) ) | |
| Plaintiff, ) ) | Case No. 1:08-cv-03038 |
| v. ) ) | Judge John W. Darrah |
| NAVISTAR INTERNATIONAL CORPORATION, ) ) ) | Magistrate Judge Nan R. Nolan |
| Defendant. ) | |

**SUPPLEMENTAL DECLARATION OF MONICA STARK**

Pursuant to 28 U.S.C. § 1746, Monica L. Stark, hereby declares and states as follows:

1. I have been employed by Navistar, Inc., a wholly-owned and primary operating subsidiary of Navistar International Corporation ("Navistar") for approximately six years.

2. I am currently the Director, Corporate Compensation and Human Resources Policy at Navistar, Inc.

3. I have personal knowledge of the facts set forth herein and am competent to testify with respect thereto.

4. Navistar is a corporation organized under the laws of the State of Delaware.

5. Navistar's principal place of business is located in Warrenville, Illinois.

6. In my position at Navistar, Inc., I work on executive compensation including stock options.

7. In certain circumstances, Navistar grants stock options to high-level executives and senior members of management.

8. I have reviewed Navistar's records pertaining to the individuals whose vested stock options expired during Navistar's trading restriction "blackout period" in effect while

Navistar was not current with its financial filings with the Securities and Exchange Commission ("SEC"), beginning in 2006.

9. There are fifty-six (56) individuals whose vested stock options expired during the period when trading restrictions were in effect while Navistar was not current with its financial filings with the SEC, beginning in 2006.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on July 9, 2008.

_Monica L. Stark_
Monica L. Stark